IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-02523-REB-MJW

LETICIA TREJO, as Parent and Next Friend of ALMIR TREJO, a minor,

Plaintiff,

v.

KATHLEEN FRANKLIN, C.N.M., et al.,

Defendants.

---

**ORDER REGARDING
(1) PLAINTIFF'S MOTION TO AMEND JOINT MODIFIED SCHEDULING ORDER AND
REQUEST FOR EXPEDITED HEARING (DOCKET NO. 121)
AND
(2) PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER AND REQUEST FOR
EXTENSION OF TIME TO DESIGNATE EXPERT WITNESSES (DOCKET NO. 135)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter came before the court on February 24, 2006, for oral argument on: (1) Plaintiff's Motion to Amend Joint Modified Scheduling Order and Request for Expedited Hearing (docket no. 121) and (2) Plaintiff's Motion to Modify Scheduling Order and Request for Extension of Time to Designate Expert Witnesses (docket no. 135). The court has reviewed the motions, responses, and replies. In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. Lastly, the court has considered oral argument presented by the parties. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

2

This is a diversity of citizenship medical malpractice case arising out of the birth of Almir Trejo on August 12, 1994, in the Boulder Community Hospital in Boulder, Colorado.  Plaintiff claims that due to negligent care and treatment during Leticia Trejo's pregnancy with and delivery of Almir Trejo, Almir Trejo suffered a permanent and disabling brain injury.  Specially, plaintiff claims that defendants failed to properly monitor her prenatal conditions and to properly plan for her delivery, failed to recognize risk factors for shoulder dystocia and to properly prepare therefor, performed improper delivery techniques, failed to timely and appropriately deliver Almir Trejo, failed to provide for appropriate neonatal support, and failed to properly provide informed consent.

Plaintiff further claims that defendant Paul Cohen, M.D., a pediatrician, was called at some point prior to delivery, on a STAT basis, to be present at the delivery of Almir Trejo.  Plaintiff claims that defendant Cohen failed to timely arrive in the delivery room and provide appropriate medical care and treatment for Almir Trejo, failed to undertake timely and appropriate resuscitation of Almir Trejo, and failed to provide for timely and appropriate neonatal care and support of Almir Trejo upon birth.

Plaintiff further claims that defendants Rocky Mountain Midwives and People's Clinic are responsible for the acts of defendants Kathleen Franklin, C.N.M., Margaret Willett, C.N.M., and Pelham Staples, M.D., under the doctrine of respondent superior.

Plaintiff further claims that as a direct and proximate result of the medical negligence of defendants, Almir Trejo has suffered injuries, damages, and losses, including, but not limited to, a permanent and disabling brain injury, past and future

physical pain and suffering, physical impairment and disfigurement, emotional distress, loss of enjoyment of life, loss of earnings, loss of earning capacity, and other injuries.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

As to the subject motions, plaintiff seeks to add two additional defendants to this lawsuit beyond the deadline to join additional parties, which was September 16, 2005. These additional defendants are Nurse Renee Huber and Boulder Community Hospital. Since these motions are made after the deadline for amendment of pleadings, then this court must apply the following analysis in deciding whether to allow the amendments:

> Where, as here, a motion to amend the pleadings . . . is filed after the scheduling order deadline, a "two-step analysis" is required. Once a scheduling order's deadline for amendment has passed, a movant must first demonstrate to the court that it has "good cause" for seeking modification of the scheduling deadline under Rule 16(b). If the movant satisfies Rule 16(b)'s "good cause" standard, it must then pass the requirements for amendment under Rule 15(a) . . . .
>
> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension." Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

Pumpco, Inc. v. Schenker Int'l, Inc., 204 F.R.D. 667, 668 (D. Colo. 2001) (quotations and citations omitted). This court finds that the plaintiff has satisfied this first step in the analysis and has established good cause to extend the deadline within which plaintiff may seek leave to amend the complaint.

4

The second step is consideration of whether the plaintiff has satisfied the standard for amendment of pleadings required under Fed. R. Civ. P. 15(a):

> Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.

Id. at 669 (citation omitted). Based upon this standard, and substantially for the reasons stated in the subject motions, this court finds that the proposed amendments should be permitted.

In this case, numerous discovery disputes have arisen during this protracted litigation which has required this court to make many rulings concerning discovery issues. See Docket Report. There have been a number of problems in clearing depositions dates due to the number of attorneys involved in this case and due to issues surrounding the disclosure of the written independent medical examination (IME) reports concerning Almir Trejo. Plaintiff wanted a copy of the IME reports before the deposition of the plaintiff would take place. As a result of such discovery disputes and delays, the deposition schedule had to altered, and the depositions of the midwives and doctors were not completed until January 2006. During these depositions, it was discovered that Nurse Renee Huber of the Boulder Community Hospital may have been involved in applying fundal pressure to Almir Trejo during his delivery even though the medical records seem to indicate that if fundal pressure was applied during Almir Trejo's delivery, it was done by a nurse midwife. In other words, the labor and delivery medical records do not specifically say that Nurse

5

Renee Huber applied fundal pressure to Almir Trejo during his delivery.

Based upon these findings of fact, this court concludes that justice requires and good cause has been demonstrated by plaintiff to amend the Complaint and to add Nurse Renee Huber and the Boulder Community Hospital as defendants. In addition, the court concludes that endorsement of Nurse Renee Huber and Boulder Community Hospital as additional defendants does not affect the ability of the plaintiff to endorse experts against defendants People's Clinic and Dr. Paul Cohen in a shorter period of time than as to the other defendants. The court further concludes that any prejudice to the defendants that plaintiff may have caused by seeking such a late amendment to the Complaint can be cured by amending the Scheduling Order deadlines and by tolling any interest if the jury trial date of November 6, 2006, has to be continued by Judge Blackburn in the future.

ORDER

Based upon these findings of fact and conclusions of law, the court ORDERS:

1. That Plaintiff's Motion to Amend Joint Modified Scheduling Order and Request for Expedited Hearing (docket no. 121) is GRANTED as follows.

2. That Plaintiff's Motion to Modify Scheduling Order and Request for Extension of Time to Designate Expert Witnesses (docket no. 135) is GRANTED as follows.

3. That defendants Nurse Renee Huber and Boulder Community Hospital are added as defendants. Plaintiff shall forthwith serve

        all defendants with a copy of the Amended Complaint.  Plaintiff shall provide counsel, Steven Henson, who is counsel for Nurse Renee Huber and Boulder Community Hospital, with a copy of this Order forthwith.  That defendants Nurse Renee Huber and Boulder Community Hospital shall have up to and including March 30, 2006, to file their Answer to the Amended Complaint.

4. That the plaintiff shall file a First Amended Complaint forthwith with the court, since Plaintiff had previously filed an Amended Complaint (docket no. 8) with the court on January 14, 2005.  The First Amended Complaint once filed will be the operative pleading in this case.

5. That the parties shall forthwith meet and confer and prepare an Amended Rule 16 Scheduling Order.  That a new Rule 16 Scheduling Conference is set before Magistrate Judge Watanabe on March 30, 2006, at 9:30 a.m.  The parties shall submit their proposed Amended Rule 16 Scheduling Order to the court consistent with the e-filing requirements of this court on or before March 24, 2006.  That within the proposed Amended Rule 16 Scheduling Order the deadlines for endorsement of experts between plaintiff and defendants Dr. Paul Cohen and the People's Clinic shall be a shorter time period than as to the other defendants.  This court will address, in detail, the proposed new

7

Rule 16 Scheduling Order at the March 30, 2006 hearing. The proposed new Rule 16 Scheduling Order shall be submitted with the understanding that the jury trial is set on November 6, 2006, before Judge Blackburn, and this court intends on making every effort to maintain such trial date.

6. That if the trial date of November 6, 2006, has to be continued by Judge Blackburn, in the future, then any interest that may accrue because of such continuance of the trial date will be tolled against the plaintiff.

Done this 7th day of March 2006.

BY THE COURT

s/Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge