IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-02523-REB-MJW

LETICIA TREJO, as Parent and Next Friend of ALMIR TREJO, a minor,

Plaintiff,

v.

KATHLEEN FRANKLIN, C.N.M., et al.,

Defendants.

---

ORDER REGARDING:
(1) Plaintiff's Motion for Protective Order (docket no. 163);
(2) Non-party Dr. Paul Lewis, M.D.'s Emergency Motion to Quash and Motion for Protective Order (docket no. 172);
(3) Defendant Kathleen Franklin's Motion for Joinder Re: Non-party Dr. Paul Lewis, M.D.'s Emergency Motion to Quash and Motion for Protective Order (docket no. 174);
(4) Defendant Pelham Staples Motion for Joinder Re: Non-party Dr. Paul Lewis, M.D.'s Emergency Motion to Quash and Motion for Protective Order (docket no. 177);
(5) Defendant Kathleen Franklin's Motion to Compel Re: *1) Leticia Trejo's Responses to Deposition Questions, 2) Production of Kevin Trejo's Records and, 3) Depositions of Health Care Providers Involved in the Prenatal Care and Birth of Kevin Trejo* (docket no. 179); and
(6) Defendant Pelham Staples Motion for Joinder Re: Defendant Kathleen Franklin's Motion to Compel Re: *1) Leticia Trejo's Responses to Deposition Questions, 2) Production of Kevin Trejo's Records and, 3) Depositions of Health Care Providers Involved in the Prenatal Care and Birth of Kevin Trejo* (docket no. 182)

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter was before the court for hearing on June 2, 2006, on: (1) Plaintiff's Motion for Protective Order (docket no. 163), (2) Non-party Dr. Paul Lewis, M.D.'s Emergency Motion to Quash and Motion for Protective Order (docket no. 172),

(3) Defendant Kathleen Franklin's Motion for Joinder Re: Non-party Dr. Paul Lewis, M.D.'s Emergency Motion to Quash and Motion for Protective Order (docket no. 174),

(4) Defendant Pelham Staples Motion for Joinder Re: Non-party Dr. Paul Lewis, M.D.'s Emergency Motion to Quash and Motion for Protective Order (docket no. 177),

(5) Defendant Kathleen Franklin's Motion to Compel Re: *1) Leticia Trejo's Responses to Deposition Questions, 2) Production of Kevin Trejo's Records and, 3) Depositions of Health Care Providers Involved in the Prenatal Care and Birth of Kevin Trejo* (docket no. 179), and (6) Defendant Pelham Staples Motion for Joinder Re: Defendant Kathleen Franklin's Motion to Compel Re: *1) Leticia Trejo's Responses to Deposition Questions, 2) Production of Kevin Trejo's Records and, 3) Depositions of Health Care Providers Involved in the Prenatal Care and Birth of Kevin Trejo* (docket no. 182). The court has reviewed these motions and responses. In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. Moreover, the court has received from Defendants The Community Hospital Association d/b/a Boulder Community Hospital and Rene Dunne, R.N. for, *in camera*, review, the medical records from Leticia Trejo's admissions to Boulder Community Hospital namely: (a) "September 10, 1992 ED Admission;" (b) "April 12, 1993 ED Admission;" (c) "September 2000 admission for labor and delivery associated with Kevin;" and (d) "Medical records from Kevin's September 27, 2000 admission at Boulder Community Hospital." The court has reviewed, *in camera*, these medical records. The court further has considered oral arguments presented by the parties. The court now being fully informed makes the following findings of fact,

conclusions of law, and order.

In Plaintiff's Motion for Protective Order (docket no. 163), Plaintiff requests that this court enter a protective order pursuant to Fed. R. Civ. P. 26(c) prohibiting Defendants The Community Hospital Association d/b/a Boulder Community Hospital and Renee Huber, R.N. (n/k/a Rene Dunne, R.N), from disclosing by any means the medical records from Leticia Trejo's admissions to Boulder Community Hospital namely: (a) "September 10, 1992 ED Admission;" (b) "April 12, 1993 ED Admission;" (c) "September 2000 admission for labor and delivery associated with Kevin;" and (d) "Medical records from Kevin's September 27, 2000 admission at Boulder Community Hospital." During oral argument, Mr. Puga, counsel for Plaintiff, stated on the record that the emergency room records at Boulder Community Hospital for Leticia Trejo during her pregnancy concerning minor child Almir Trejo are, in essence, discoverable, and Plaintiff is no longer seeking a protective order as to those particular records.

In Non-party Dr. Paul Lewis, M.D.'s Emergency Motion to Quash and Motion for Protective Order (docket no. 172), Dr. Lewis requests that this court enter an order quashing the Plaintiff's subpoena and notice of deposition requiring Dr. Lewis to appear for deposition on May 23, 2006, and to further enter a protective order requiring Plaintiff to provide copies of the records surrounding the delivery and resuscitation of Almir Trejo prior to Dr. Lewis' deposition.

In support of Plaintiff's Motion for Protective Order (docket no. 163), Plaintiff argues that to allow release of such records to Defendants would violate Leticia Trejo's and Kevin Trejo's fundamental right to privacy and a violate their physician-patient privilege. Moreover, Plaintiff argues that neither Letricia Trejo nor Kevin Trejo have

4

waived their physician-patient privilege, nor have they consented to having the subject medical records released. Lastly, Plaintiff argues that neither Letricia Trejo nor Kevin Trejo have any claims for damages in this lawsuit.

Here, the court finds that Plaintiff provided to Defendant Kathleen Franklin's counsel the "September 10, 1992 ED Admission records" and the "April 12, 1993 ED Admission" on March 11, 2005 records. As to these records, Plaintiff has waived any physician-patient privilege. The court further finds that on April 19, 2005, Letricia Trejo signed an Authorization to Release Medical Information specifically permitting Defendant Kathleen Franklin's counsel to obtain copies of "all medical records for all dates of service for all medical conditions and treatment" from Boulder Community Hospital for the time period of January 1993 to December 1994. See exhibit 1 attached to docket no. 177. Thereafter, counsel for Defendant Kathleen Franklin obtained the subject records from the Boulder Community Hospital. The court further finds that Plaintiff has expressly waived the physician-patient privilege for her and her minor child Kevin Trejo's subject medical records. Plaintiff already provided copies of these medical records to Defendants' counsel. When a Plaintiff voluntarily discloses the information contained in her medical records, she expressly waives any privilege in such records. See Conyers v. Massa, 512 P.2d 283 (Colo. App. 1973); Mauro v. Tracy, 152 Colo. 106, 380 P.2d 570 (1963). Lastly, the court finds that the subject medical records are discoverable and should be provided to the Defendants pursuant to § 13-64-502(2)(b), C.R.S. This is a medical malpractice case wherein Plaintiff has specially plead shoulder dystocia as a basis for her claim regarding her son Almir Trejo's delivery, alleging that Defendants failed to recognize risk factors for this condition.

5

Plaintiff's second pregnancy, with Kevin Trejo, also resulted in a shoulder dystocia at delivery. It is clear to this court that the medical records regarding Plaintiff's second pregnancy and delivery of Kevin Trejo relate to the exact same condition that forms the basis of Plaintiff's claims concerning Almir Trejo in this case before the court. Furthermore, discovery of such records should be permitted since such records are relevant on the issue of whether Almir Trejo's shoulder dystocia was the result of any genetic disease, disorder, or other natural cause. Accordingly, based upon these findings of fact and conclusions of law, the Plaintiff's Motion for Protective Order (docket no. 163) should be denied.

## ORDER

Accordingly, based upon these findings of fact and conclusions of law, the court **ORDERS**:

1. That Plaintiff's Motion for Protective Order (docket no. 163) is **DENIED**;
2. That Non-party Dr. Paul Lewis, M.D.'s Emergency Motion to Quash and Motion for Protective Order (docket no. 172) is **GRANTED**. That Plaintiff's subpoena and notice of deposition requiring Dr. Lewis to appear for deposition on May 23, 2006 is **QUASHED**. That a protective order is entered that requires Plaintiff to provide copies of the subject records surrounding the delivery and resuscitation of Almir Trejo to counsel for Dr. Lewis on or before June 16, 2006. That the parties shall reset the deposition of Dr. Lewis after June 16, 2006, but before the discovery cut-off date;

3. That Defendant Kathleen Franklin's Motion for Joinder Re: Non-party Dr. Paul Lewis, M.D.'s Emergency Motion to Quash and Motion for Protective Order (docket no. 174) is **GRANTED**;

4. That Defendant Pelham Staples Motion for Joinder Re: Non-party Dr. Paul Lewis, M.D.'s Emergency Motion to Quash and Motion for Protective Order (docket no. 177) is **GRANTED**;

5. That Defendant Kathleen Franklin's Motion to Compel Re: *1) Leticia Trejo's Responses to Deposition Questions, 2) Production of Kevin Trejo's Records and, 3) Depositions of Health Care Providers Involved in the Prenatal Care and Birth of Kevin Trejo* (docket no. 179) is taken under advisement since this court has given Plaintiff until June 13, 2006, to file any written response to this motion.

6. That Defendant Pelham Staples Motion for Joinder Re: Defendant Kathleen Franklin's Motion to Compel Re: *1) Leticia Trejo's Responses to Deposition Questions, 2) Production of Kevin Trejo's Records and, 3) Depositions of Health Care Providers Involved in the Prenatal Care and Birth of Kevin Trejo* (docket no. 182) is taken under advisement since this court has given Plaintiff until June 13, 2006, to file any written response to this motion.

7. That the medical records that were submitted by Defendants Boulder Community Hospital's and Rene Dunne R.N.'s Response to Plaintiff's Motion for Protective Order to the court for *in camera* review shall be

7

sealed and not opened except by further order of court.

8. That each party shall pay their own attorney fees and costs for these motions.

Done this 6th day of June 2006.

BY THE COURT

s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge