IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-02523-REB-MJW

LETICIA TREJO, as Parent and Next Friend of ALMIR TREJO, a minor,

Plaintiff,

v.

KATHLEEN FRANKLIN, C.N.M., et al.,

Defendants.

---

**ORDER REGARDING:**
**(1) Defendant Kathleen Franklin's Motion to Compel Re: *1) Leticia Trejo's Responses to Deposition Questions, 2) Production of Kevin Trejo's Records and, 3) Depositions of Health Care Providers Involved in the Prenatal Care and Birth of Kevin Trejo* (docket no. 179)**
**and**
**(2) Defendant Pelham Staples Motion for Joinder Re: Defendant Kathleen Franklin's Motion to Compel Re: *1) Leticia Trejo's Responses to Deposition Questions, 2) Production of Kevin Trejo's Records and, 3) Depositions of Health Care Providers Involved in the Prenatal Care and Birth of Kevin Trejo* (docket no. 182)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter was before the court for hearing on June 2, 2006, on: (1) Defendant Kathleen Franklin's Motion to Compel Re: *1) Leticia Trejo's Responses to Deposition Questions, 2) Production of Kevin Trejo's Records and, 3) Depositions of Health Care Providers Involved in the Prenatal Care and Birth of Kevin Trejo* (docket no. 179), and (2) Defendant Pelham Staples Motion for Joinder Re: Defendant Kathleen Franklin's Motion to Compel Re: *1) Leticia Trejo's Responses to Deposition Questions, 2)*

2

*Production of Kevin Trejo's Records and, 3) Depositions of Health Care Providers Involved in the Prenatal Care and Birth of Kevin Trejo* (docket no. 182).  The court has reviewed these motions and responses.  In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law.  Furthermore, the court has received from Defendants The Community Hospital Association d/b/a Boulder Community Hospital and Rene Dunne, R.N. for *in camera* review the medical records from Leticia Trejo's admissions to Boulder Community Hospital namely: (a) "September 10, 1992 ED Admission;" (b) "April 12, 1993 ED Admission;" (c) "September 2000 admission for labor and delivery associated with Kevin;" and (d) "Medical records from Kevin's September 27, 2000 admission at Boulder Community Hospital."  The court has reviewed these medical records *in camera*.  The court further has considered oral arguments presented by the parties.  The court now being fully informed makes the following findings of fact, conclusions of law, and order.

FINDINGS OF FACT AND CONCLUSIONS OF LAW

Initially, I will incorporate by reference my findings in docket no. 192.  In the subject motions now before this court, the Defendants request that this court enter an order requiring Leticia Trejo to answer oral deposition questions in the following areas: (1) Ms. Trejo's citizenship and the legality of her presence in the United States including her possession of a driver's license, past jobs, visa, social security number, and government services applied for or received; (2) Ms. Trejo's mother, Maria Rodriguez's, labor and delivery history; (3) Ms. Trejo's medical history including past

medications, psychiatric records, psychiatric in-patient care which occurred during the pregnancy, past suicide attempt, diabetes, and pregnancy and birth of second son Kevin Trejo;

(4) Any information regarding Ms. Trejo's second son Kevin Trejo including who his father is, his medical history, his school records, and his physical activities; (5) Any past abuse including Ms. Trejo's physical altercation with her mother during delivery; (6) A demonstration of how the nurses allegedly pushed on Ms. Trejo's stomach during delivery (one of the pivotal issues in the case); and (7) Any other treatment, services, and devices her son, Almir Trejo, needs that he is not presently receiving.

Here, I find that during the deposition of Ms. Trejo, Plaintiff's counsel, Mr. Puga, objected to questions in the above seven categories. The sum and substance of Mr. Puga's objections were based on relevance, harassment or annoyance, and physician-patient privilege. See docket no. 179, attached exhibit A-1 transcript of Ms. Trejo's deposition. I further find that during a discovery deposition, an attorney cannot instruct a witness not to answer simply because the attorney believes that the question calls for irrelevant information. Resolution Trust Co. v. Dabney, 73 F.2d 262, 266 (10th Cir. 1995). I further find that any privilege in connection with the birth and the medical condition of Kevin Trejo is abrogated by § 13-64-503, C.R.S., and has been impliedly waived by Plaintiff's claim of negligence and lack of informed consent. Samms v. District Court, 908 P.2d 520, 525 (Colo. 1995); Weil v. Dillon Companies, 109 P.3d 127, 131 (Colo. 2005). Moreover, I find that the medical information and records concerning Leticia Trejo and Kevin Trejo are directly relevant to Plaintiff's claim of lack

4

of informed consent and are thus discoverable and are reasonably calculated to lead to discovery of admissible evidence.   Furthermore, I find that the medical information and records concerning Leticia Trejo and Kevin Trejo are also relevant on the issue of medical causation of Almir Trejo's claimed damages and thus are discoverable.

ORDER

WHEREFORE, based upon these findings of fact and conclusions of law, I ORDER:

1. That Defendant Kathleen Franklin's Motion to Compel Re: *1) Leticia Trejo's Responses to Deposition Questions, 2) Production of Kevin Trejo's Records and, 3) Depositions of Health Care Providers Involved in the Prenatal Care and Birth of Kevin Trejo* (docket no. 179) is GRANTED.

2. That Defendant Pelham Staples Motion for Joinder Re: Defendant Kathleen Franklin's Motion to Compel Re: *1) Leticia Trejo's Responses to Deposition Questions, 2) Production of Kevin Trejo's Records and, 3) Depositions of Health Care Providers Involved in the Prenatal Care and Birth of Kevin Trejo* (docket no. 182) is GRANTED.

3. That the parties shall forthwith reset the deposition of Leticia Trejo.

4. That Defendants shall have an additional seven (7) hours to complete Leticia Trejo's deposition.

5. That Leticia Trejo shall answer any and all questions in the seven categories listed above and further questions reasonably related to the same seven categories listed above.

5

6. That Plaintiff shall produce the complete medical records of Kevin Trejo to Defendants on or before July 7, 2006.

7. That Defendants are permitted to take the depositions of the physicians and nurse midwives involved in the prenatal care and delivery of Kevin Trejo.

8. That each party shall pay their own attorney fees and costs for these two motions.

Done this 20th day of June 2006.

BY THE COURT

s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge