IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 04-cv-02523-REB-MJW

LETICIA TREJO, as Parent and Next Friend of ALMIR TREJO, a minor,

   Plaintiffs,

v.

KATHLEEN FRANKLIN, C.N.M.,
MARGARET WILLETT, C.N.M.,
ROCKY MOUNTAIN MIDWIVES,
THE COMMUNITY HOSPITAL ASSOCIATION d/b/a BOULDER COMMUNITY
HOSPITAL, and
PELHAM STAPLES, M.D.,

   Defendants.

## ORDER

**Blackburn, J.**

The matters before me are (1) defendant **Pelham Staples, M.D.'s Motion for Extension of Time to File Dispositive Motions** [#255], filed August 30, 2006; (2) **Defendant Kathleen Franklin, C.N.M.'s Joinder in Defendant Pelham Staples, M.D.'s Motion for Extension of Time to File Dispositive Motions** [#257], filed August 30, 2006, and (3) **Defendants Margaret Willett, C.N.M. and Rocky Mountain Midwives' Motion to Vacate and Continue Trial Date** [#252], filed August 18, 2006. I grant the motion to join, grant the motion to extend the dispositive motion deadline, and deny the motion to continue the trial date.

The main factor motivating both motions is the fact that, by virtue of a number of circumstances that are familiar to the parties and need not be repeated here, plaintiff's

expert disclosures were not forthcoming until August 23, 2006.  The original deadline to file dispositive motions was August 30, 2006.  I agree with defendants Staples and Franklin that some discovery of these experts may be necessary to complete dispositive motions.  However, I disagree with defendants' suggestion that the deadline be set with regard to the date of the final expert deposition.  Because I intend, as explained in more detail below, to maintain the current trial date, it would be imprudent to give the parties such control over the court's schedule.  I therefore will extend the deadline for filing dispositive motions to such a date so as to allow for reasonable expert discovery, while at the same permitting the court adequate time to review and determine the motion or motions prior to trial.

However, I deny defendants Willett and Rocky Mountain Midwives' motion to continue the November 6, 2006, trial date.  The United States Court of Appeals for the Tenth Circuit has outlined four primary factors that should be considered to determine if a continuance is necessary.  *See Morrison Knudsen Corp. v. Fireman's Fund Insurance Co.*,175 F.3d 1221, 1230 (10th Cir. 1999) (citing *United States v. West*, 828 F.2d 1468, 1469 (10th Cir. 1987) (listing factors)).  The key relevant factors are

> (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; [and] (4) the need asserted for the continuance and the harm that [movant] might suffer as result of the district court's denial of the continuance.

*United States v. Rivera*, 900 F.2d 1462, 1475 (10th Cir. 1990) (quoting *West*, 828 F.2d at1470).  "By far the most important factor[s] . . . [are] the [movant's] need for a

continuance and the prejudice resulting from its denial." *West*, 828 F.2d at 1471. On balance these factors weigh against a continuance of the trial.

There is no indication that counsel for Willett and Rocky Mountain Midwives has not been diligent in their pretrial preparation. However, their motion is premised on the assumption that plaintiff would designate some 30 to 35 expert witnesses. In actuality, plaintiff has designated only 12 retained experts. It appears from defendant Pelham's motion that depositions of these experts are currently scheduled during the period from September 5, 2006, to October 11, 2006. Moreover, if the trial were vacated, the first open date on my calendar in which I could accommodate a 20-day trial is February 18, 2008. This case relates to events that occurred nearly 12 years ago. Any further delay would prejudice *all* parties and the court in this matter.

**THEREFORE, IT IS ORDERED** as follows:

1. That defendant **Pelham Staples, M.D.'s Motion for Extension of Time to File Dispositive Motions** [#255], filed August 30, 2006, is **GRANTED**;

2. That **Defendant Kathleen Franklin, C.N.M.'s Joinder in Defendant Pelham Staples, M.D.'s Motion for Extension of Time to File Dispositive Motions** [#257], filed August 30, 2006, is **GRANTED**;

3. That the deadline for the filing of dispositive motions in this matter is hereby **EXTENDED** to September 29, 2006; and

4. That **Defendants Margaret Willett, C.N.M. and Rocky Mountain Midwives' Motion to Vacate and Continue Trial Date** [#252], filed August 18, 2006, is **DENIED**.

Dated September 6, 2006, at Denver, Colorado.

>BY THE COURT:
>
>**s/ Robert E. Blackburn**
>**Robert E. Blackburn**
>**United States District Judge**