IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  04-cv-02523-REB-MJW

LETICIA TREJO, as parent and next friend of ALMIR TREJO, a minor,

    Plaintiff,

v.

KATHLEEN FRANKLIN, C.N.M.,
MARGARET WILLETT, C.N.M.,
ROCKY MOUNTAIN MIDWIVES,
PELHAM STAPLES, M.D.,
PAUL COHEN, M.D.,
BOULDER COMMUNITY HOSPITAL, and
RENE HUBER, R.N.,

    Defendants.

---

**ORDER REGARDING
(1) DEFENDANTS BOULDER COMMUNITY HOSPITAL AND RENE DUNNE, R.N.'S MOTION FOR INDEPENDENT MEDICAL EXAMINATION (DOCKET NO. 261);
(2) DEFENDANT PELHAM STAPLES, M.D.'S JOINDER IN DEFENDANTS BOULDER COMMUNITY HOSPITAL AND RENE DUNNE, R.N.'S MOTION FOR AN INDEPENDENT MEDICAL EXAMINATION (DOCKET NO. 294);
AND
(3) DEFENDANTS KATHLEEN FRANKLIN, C.N.M.'S JOINDER OF DEFENDANTS BOULDER COMMUNITY HOSPITAL AND RENE DUNNE, R.N.'S MOTION FOR AN INDEPENDENT MEDICAL EXAMINATION (DOCKET NO. 300)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

    This matter is before the court on:  (1)  Defendants Boulder Community Hospital and Rene Dunne, R.N.'s Motion for Independent Medical Examination (docket no. 261); (2) Defendant Pelham Staples, M.D.'s Joinder in Defendants Boulder Community Hospital and Rene Dunne, R.N.'s Motion for an Independent Medical Examination

2

(docket no 294); and (3) Defendants Kathleen Franklin, C.N.M.'s Joinder of Defendants Boulder Community Hospital and Rene Dunne, R.N.'s Motion for an Independent Medical Examination (docket no. 300).  The court has reviewed the motions and Plaintiff's response (docket nos. 301).  In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Under Fed. R. Civ. P. 35(a) , a court may order an independent medical examination ("IME") where the mental or physical condition of the claimant is in controversy and where the movant has shown good cause for the examination. Schlagenhauf v. Holder, 379 U.S. 104 (1964); Simpson v. University of Colo., 220 F.R.D. 354, 362 (D. Colo. 2004).  Further, numerous exams may well be appropriate depending on the circumstances underlying the requests.  Sice v. Oldcastle Glass, Inc., 2005 WL 82148 at *2 (D. Colo. Jan. 10, 2005) (unpublished decision attached to Defendant Boulder Community Hospital and Rene Dunne, R.N.'s Motion (docket no. 261)).

Initially, this court  incorporates by reference my findings of fact and conclusions of law that I made in my Order (docket no. 74).  Almir Trejo's doctors have shifted his diagnosis from spastic diplegia to hypotonia.  This is significant since spasticity and hypotonia are polar opposites.  See Dr. Wiznitzer's Report, Dr. Pomerance's Report on page 5, Dr. DeSalvo's Report on page 8, Dr. Majovski's Report on pages 21-23, and

3

Dr. Robert Cooper's testimony from September 16, 2006. As previously found by this court, Almir Trejo's neurological functioning and alleged injuries, damages, and losses are clearly "in controversy" in this case. See docket no. 74. In this case plaintiff is seeking multiple millions of dollars in damages. Furthermore, Almir Trejo's experts have also alleged that he is microcephalic, meaning that he has an abnormally small head. Every single treating doctor has documented that Almir Trejo has a normal appearing head.

Based upon these findings, this court concludes that Defendants have demonstrated good cause for an additional IME. Furthermore, an additional IME would allow the parties to fairly evaluate the nature and classification of Almir Trejo's cerebral palsy and determine whether Almir Trejo qualifies as having an acute intrapartum hypoxic event that was sufficient to cause cerebral palsy under the American College of Obstetricians & Gynecologists guidelines.

## ORDER

**WHEREFORE**, this court **ORDERS**:

1. That Defendants Boulder Community Hospital and Rene Dunne, R.N.'s Motion for Independent Medical Examination (docket no. 261) is **GRANTED**.

2. That Defendant Pelham Staples, M.D.'s Joinder in Defendants Boulder Community Hospital and Rene Dunne, R.N.'s Motion for an Independent Medical Examination (docket no 294) is **GRANTED**.

4

3       That Defendants Kathleen Franklin, C.N.M.'s Joinder of Defendants Boulder Community Hospital and Rene Dunne, R.N.'s Motion for an Independent Medical Examination (docket no. 300) is **GRANTED**.

4.      That Almir Trejo shall undergo an IME with Stephen T. Glass, M.D., a pediatric neurologist located in Seattle, Washington, where Almir Trejo currently lives with his mother. The parties are to forthwith meet and confer and clear a date with Dr. Glass for this IME.

5.      That Dr. Majovski shall forthwith provide to Dr. Glass his neuropsychological test data for Almir Trejo so that Dr. Glass can make a full assessment of Almir Trejo's neurological condition pursuant to Berniger v. Denver & Rio Grande Western R. Co., 139 F.R.D. 175, 178 n.1 (D. Colo. 1991), and Specht v. Jensen, 863 F.2d 700 (10th Cir 1988) .

6.      That each party shall pay their own attorney fees and costs for this motion.

Done this 29th day of September 2006.

                                                        BY THE COURT

                                                        s/ Michael J. Watanabe  
                                                        Michael J. Watanabe  
                                                         U.S. Magistrate Judge