IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  04-cv-02523-REB-MJW

LETICIA TREJO, as parent and next friend of ALMIR TREJO, a minor,

    Plaintiff,

v.

KATHLEEN FRANKLIN, C.N.M.,
MARGARET WILLETT, C.N.M.,
ROCKY MOUNTAIN MIDWIVES,
PELHAM STAPLES, M.D.,
PAUL COHEN, M.D.,
BOULDER COMMUNITY HOSPITAL, and
RENE HUBER, R.N.,

    Defendants.

**ORDER REGARDING
(1) DEFENDANT BOULDER COMMUNITY HOSPITAL'S MOTION FOR PROTECTIVE ORDER TO QUASH RULE 30(B)(6) DEPOSITION NOTICE (DOCKET NO. 318);
(2) DEFENDANT PELHAM STAPLES, M.D.'S JOINDER IN DEFENDANTS BOULDER COMMUNITY HOSPITAL AND RENE DUNNE, R.N.'S MOTION FOR PROTECTIVE ORDER TO QUASH THE RULE 30(B)(6) DEPOSITION NOTICE (DOCKET NO. 320);
(3) DEFENDANT KATHLEEN FRANKLIN, C.N.M.'S JOINDER TO DEFENDANT BOULDER COMMUNITY HOSPITAL'S MOTION FOR PROTECTIVE ORDER TO QUASH RULE 30(B)(6) DEPOSITION NOTICE (DOCKET NO. 325);
AND (4) DEFENDANT MARGARET WILLETT, C.N.M. AND ROCKY MOUNTAIN MIDWIVES' JOINDER IN DEFENDANT BOULDER COMMUNITY HOSPITAL AND RENE DUNNE, R.N.'S MOTION FOR A PROTECTIVE ORDER TO QUASH THE RULE 30(b)(6) DEPOSITION NOTICE (DOCKET NO. 326)**

**Entered by U.S. Magistrate Judge Watanabe**

This matter is before the court on:  (1) Defendant Boulder Community Hospital's

Motion for Protective Order to Quash Rule 30(b)(6) Deposition Notice (docket no. 318);

(2) Defendant Pelham Staples, M.D.'s Joinder in Defendants Boulder Community

2

Hospital and Rene Dunne, R.N.'s Motion for a Protective Order to Quash the Rule 30(b)(6) Deposition Notice (docket no. 320); (3) Defendant Kathleen Franklin, C.N.M.'s Joinder to Defendant Boulder Community Hospital's Motion for Protective Order to Quash Rule 30(b)(6) Deposition Notice (docket no. 325); and (4) Defendant Margaret Willett, C.N.M. and Rocky Mountain Midwives' Joinder in Defendant Boulder Community Hospital and Rene Dunne, R.N.'s Motion for a Protective Order to Quash the Rule 30(b)(6) Deposition Notice (docket no. 326).  The court has reviewed the subject motion (docket no. 318), the joinders thereto (docket nos. 320, 325, and 326), Plaintiff's Response to Defendant Boulder Community Hospital's Motion for Protective Order to Quash Rule 30(b)(6) Deposition Notice and All Joinders Thereto (docket no. 328), and Defendant Kathleen Franklin, C.N.M's Reply in Support of Her Motion for Protective Order to Quash Rule 30(b)(6) Deposition Notice (docket no. 329).  In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and order.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

In this case, the court finds that Plaintiff did provide a Rule 30(b)(6) Deposition Notice to Defendant Bounder Community Hospital on September 25, 2006, via e-mail, which was prior to the discovery cut-off date of September 30, 2006.  See exhibit A attached to Plaintiff's response (docket no. 328).  Thereafter, a hard copy of the Rule 30(b)(6) Deposition Notice that was outlined in the e-mail was later served upon Defendant Boulder Community Hospital on October 2, 2006.  Accordingly, this court

finds that proper and timely notice was provided to Defendant Bounder Community Hospital.  Moreover, in reviewing the content of the Rule 30(b)(6) Deposition Notice, this court finds that the areas of inquiry as outlined in the Rule 30(b)(6) Deposition Notice contain areas of inquiry that are reasonably calculated to lead to the discovery of relevant information.  These areas of inquiry relate to some of the central issues in this case, including issues concerning shoulder dystocia, resuscitation, fundal pressure, and supra-public pressure.  Based upon these findings, this court concludes that a protective order under Fed. R. Civ. P. 26(c), except as noted below with respect to Ms. Franklin's credentialing file, is not warranted and that the subject motion (docket no. 318) and two of the joinders thereto (docket nos. 320 and 326) should be denied.  Plaintiff, however, has not addressed the privilege issue raised in defendant Kathleen Franklin's Joinder with regard to her credentialing file maintained by Boulder Community Hospital and thus has confessed that joinder.

## ORDER

**WHEREFORE**, based upon these findings, this court **ORDERS**:

    1.    That (1) Defendant Boulder Community Hospital's Motion for Protective Order to Quash Rule 30(b)(6) Deposition Notice (docket no. 318) is **GRANTED IN PART AND DENIED IN PART.**  The motion is granted only with respect to Ms. Franklin's credential/privileges files maintained by Boulder Community Hospital.  In all other respects, the motion is denied.

    2.    That Defendant Kathleen Franklin, C.N.M.'s Joinder to Defendant

4

Boulder Community Hospital's Motion for Protective Order to Quash Rule 30(b)(6) Deposition Notice (docket no. 325) is **GRANTED**. Accordingly, a Protective Order is issued with respect to Ms. Franklin's credential/privileges files maintained by Boulder Community Hospital.

3. That Defendant Pelham Staples, M.D.'s Joinder in Defendants Boulder Community Hospital and Rene Dunne, R.N.'s Motion for a Protective Order to Quash the Rule 30(b)(6) Deposition Notice (docket no. 320), and Defendant Margaret Willett, C.N.M. and Rocky Mountain Midwives' Joinder in Defendant Boulder Community Hospital and Rene Dunne, R.N.'s Motion for a Protective Order to Quash the Rule 30(b)(6) Deposition Notice (docket no. 326) are all **DENIED**.

4. That each party shall pay their own attorney fees and costs for these motions.

Done this 17th day of October 2006.

BY THE COURT

s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge