IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-02523-REB-MJW

LETICIA TREJO, as Parent and Next Friend of ALMIR TREJO, a minor,

Plaintiff,

v.

KATHLEEN FRANKLIN, C.N.M., et al.,

Defendants.

## MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby **ORDERED** that Plaintiff's Motion to Compel Documents Claimed as Privileged by Defendants Boulder Community Hospital and Renee Huber, R.N. (docket no. 355) is **GRANTED** for the following reasons. The Hospital Defendants shall provide to Plaintiff the entire case review file on or before March 30, 2007.

A party that is resisting discovery based upon the assertion of a privilege has the burden of proving the applicability of the privilege. Peat, Marwick, Mitchell & Co. v. West, 748 F.2d 540, 542 (10th Cir. 1984); Horton v. United States, 204 F.R.D. 670, 673 (D. Colo. 2002). Here, the Hospital Defendants have claimed the entire hospital review file that pertains to this case as privileged pursuant to § 25-3-109, C.R.S. Moreover, the Hospital Defendants argue that they had a quality management program in effect in 1994 and further argue that such a plan can be submitted to the Joint Commission on Accreditation of Health Care Organizations ("JCAHO") for approval in lieu of approval by the appropriate state agency.

In Atteberry v. Longmont United Hosp., 221 F.R.D. 644, 648 (D. Colo. 2004), Magistrate Judge Boland confirmed that "the quality management privilege created by section 25-3-109 attaches only to quality management functions which are described by a facility in a quality management program approved by the department of health and environment." In order for the quality management program defined under § 25-3-109, C.R.S., to exist, evidence must be provided "that the hospital has a quality management program approved by the department of health and environment..." See § 25-3-109(2), C.R.S. In this case, the court finds that the Hospital Defendants have failed to provide competent evidence that the proffered quality management program was submitted to the state agency for approval and that the program was approved in 1994. This court further finds that the Hospital Defendants have failed to provide

2

competent evidence that the proffered quality management program was submitted let along approved by JCAHO in 1994.  Accordingly, this court concludes that the Hospital Defendants have failed to meet their burden of proof to establish their § 25-3-109, C.R.S., privilege.

Date: March 14, 2007