**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 04-cv-02523-REB-MJW

LETICIA TREJO, as Parent and Next Friend of ALMIR TREJO, a minor,

      Plaintiffs,

v.

KATHLEEN FRANKLIN, C.N.M.,
MARGARET WILLETT, C.N.M.,
ROCKY MOUNTAIN MIDWIVES,
THE COMMUNITY HOSPITAL ASSOCIATION d/b/a BOULDER COMMUNITY
HOSPITAL, and
PELHAM STAPLES, M.D.,

      Defendants.

---

**ORDER RE: PLAINTIFF'S MOTION TO STRIKE DEFENDANTS'
NON-RETAINED EXPERTS' OPINIONS OUTSIDE THE SCOPE OF
DIAGNOSIS, TREATMENT, AND PROGNOSIS**

---

**Blackburn, J.**

      The matters before me are (1) **Plaintiff's Motion To Strike Defendants' Non-Retained Experts' Opinions Outside the Scope of Diagnosis, Treatment, and Prognosis** [#342], filed October 20, 2006; and (2) **Hospital Defendants' Joinder in Pelham Staples' Response to Motion To Strike Defendants' Non-Retained Experts' Opinions Outside the Scope of Diagnosis, Treatment, and Prognosis** [#350], filed November 10, 2006. I grant the motion to join the response. As for the substantive motion to strike, I grant it in part and deny it in part.

1

## I.  JURISDICTION

I have jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (diversity of

citizenship).

## II.  STANDARD OF REVIEW

Fed.R.Civ.P. 26 requires that, in addition to disclosing the identity of any witness

who may be used at trial to provide expert testimony, a party also must provide a

written report "with respect to a witness who is retained or specially employed to

provide expert testimony in the case or whose duties as an employee of the party

regularly involve giving expert testimony."  **FED.R.CIV.P.** 26(a)(2)(B).  In general,

treating physicians do not come within the purview of this requirement.  ***Harvey v.***

***United States of America***, 2005 WL 3164236 at *8 (D. Colo. Nov. 28, 2005) (citing

Advisory Comm. Notes, **FED.R.CIV.P.** 26(a)(2)(B) (1993 Amend.)), ***adopted***, 2006 WL

2505850 (D. Colo. Aug. 28, 2006).  Instead, "[t]heir testimony is based upon their

personal knowledge of the treatment of the patient and not information acquired from

outside sources for the purpose of giving an opinion in anticipation of trial."  ***Baker v.***

***Taco Bell Corp.***, 163 F.R.D. 348, 349 (D. Colo. 1995).  The same rationale extends to

treating physician opinions regarding causation and prognosis based on examination

and treatment of the patient.  ***Id.***; ***see also Washington v. Arapahoe County***

***Department of Social Services***, 197 F.R.D. 439, 442 (D. Colo. 2000) (citing

Christopher W. Dyer, Note, "Treating Physicians: Fact Witnesses or Retained Expert

Witnesses in Disguise?  Finding a Place for Treating Physician Opinions in the Iowa

Discovery Rules," 48 **DRAKE L. REV**. 719, 727-31 (2000)).

2

However, this principle does not immunize a treating physician from the requirement of providing a written report in conformity with Rule 26(a)(2)(B) in all circumstances. When a treating physician intends to offer expert testimony not based on his personal observations made during treatment of the patient, a written report is required. *Washington*, 197 F.R.D. at 442 (citing *Bucher v. Gainey Transportation Service of Indiana, Inc.*, 167 F.R.D. 387, 390 (M.D. Pa. 1996)). Thus,

> [t]he determinative issue is the scope of the proposed testimony. For example, a treating physician requested to review medical records of another health care provider in order to render opinion testimony concerning the appropriateness of the care and treatment of that provider would be specially retained notwithstanding that he also happens to be the treating physician.

*Wreath v. United States*, 161 F.R.D. 448, 450 (D. Kan. 1995). *See also Kirkham v. Société Air France*, 236 F.R.D. 9, 13 (D.D.C. 2006) ("[A] treating physician who bases his opinion on the medical records of another physician, not just on his own examination of the patient, is required to prepare an expert report because such review indicates he is being retained in connection with the litigation."). In short, "[i]t is the substance of the expert's testimony, not the status of the expert, which will dictate whether a Rule 26(a)(2)(B) report will be required." *Harvey*, 2005 WL 3164236 at *8.

### III. ANALYSIS

In this medical malpractice case, defendants designated, *inter alia*, the various other individual defendants as non-retained experts who might be summoned at trial to testify. It is clear from the above-cited precedents that these medical professionals need not provide expert witness reports in order to testify competently as to their own

3

treatment and care of the minor plaintiff, Almir Trejo, or his mother, Leticia.  Their

testimony may encompass not just the bare facts of treatment, but also touch on issues

of causation and prognosis.  It is equally clear that none of these defendants or former

defendants may opine as to whether any other defendant or former defendant met the

applicable standard of care in providing treatment to Almir or Leticia because none has

provided a written report that complies with Rule 26(a)(2)(B).  To that extent, therefore,

plaintiff's motion is granted.

        However, a medical professional may testify as to whether his or her *own*

treatment of the patient met the professional standard of care.  ***Weese v. Schukman***,

98 F.3d 542, 550 (10th Cir. 1996); ***United States v. Smith***, 2006 WL 3702656 at *1 (D.

Minn. Dec. 14, 2006); ***see also Parker v. Central Kansas Medical Center***, 2003 WL

408109 at *3 (10th Cir. Feb. 24, 2003) (distinguishing ***Weese*** from the case there under

consideration on the basis that in ***Weese***, "the defendant doctor testified as to the

standard of care and causation regarding *his* treatment of the plaintiff") (emphasis in

original).  Such an opinion, "based on [defendant's] experience as a physician[,] . . . [is]

clearly helpful to an understanding of his decision making process in the situation."

***Weese***, 98 F.3d at 550.  Therefore, the remaining individual defendants are not

precluded from testifying regarding their own compliance with the relevant standard of

care.

        **THEREFORE, IT IS ORDERED** as follows:

        1.  That the **Hospital Defendants' Joinder in Pelham Staples' Response to**

**Motion To Strike Defendants' Non-Retained Experts' Opinions Outside the Scope**

4

of Diagnosis, Treatment, and Prognosis [#350], filed November 10, 2006, is

**GRANTED**; and

      2.  That **Plaintiff's Motion To Strike Defendants' Non-Retained Experts'**

**Opinions Outside the Scope of Diagnosis, Treatment, and Prognosis** [#342], filed

October 20, 2006, is **GRANTED IN PART** and **DENIED IN PART**:

      a. That the motion is **GRANTED** to the extent it seeks to preclude any

defendant or former defendant designated as a non-retained expert who did not

provide a written report in compliance with Fed.R.Civ.P. 26(a)(2)(B) from testifying as

to matters beyond the scope of facts and inferences rationally based on the witness's

own perceptions during treatment of plaintiff and/or his mother; and

      b. That the motion is **DENIED** to the extent it seeks to preclude any

individual defendant from testifying in his or her own behalf regarding whether his or

her own actions met the applicable standard of care.

      Dated July 30, 2007, at Denver, Colorado.

                           **BY THE COURT:**

                           **s/ Robert E. Blackburn**
                           **Robert E. Blackburn**
                           **United States District Judge**