**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

**Date: September 6, 2007**

Ginny Kramer, Courtroom Deputy
Suzanne Claar, Court Reporter

---

**Civil Case No. 04-cv-02523-REB-MJW**

| | |
|---|---|
| LETICIA TREJO, as Parent and Next Friend of ALMIR TREJO, a minor, | Daniel Lipman<br>Jim Puga |
| Plaintiff, | |
| v. | |
| PELHAM STAPLES, M.D., | Thomas Kresl<br>Brian McConaty |
| Defendant. | Bradley Robinson |

---

**COURTROOM MINUTES - JURY TRIAL - DAY SEVEN**
---

**8:15 a.m.     Court in session.**

The jury is not present.

The Court and counsel discuss the following issues:

1.  Medical bills of the plaintiff.

2.  That the value of gratuitous government services provided to the plaintiff subsequent to the date of the jury's verdict may be included in an award to the plaintiff.

3.  That the rehabilitation expert witness Helen Woodard should be precluded from offering speculative testimony.

Argument by Mr. Lipman, for the Plaintiff.

Argument by Mr. Robinson, for the Defendant.

Response by Mr. Lipman, for the Plaintiff.

The Defendant informs the Court as to their Motion to Quash Plaintiff's August 31, 2007, Subpoena *Duces Tecum* [450] filed September 5, 2007.

**8:30 a.m.      Court in recess.**
**9:25 a.m.      Court in session.**

The jury is not present.

Argument by Mr. Robinson, for the Defendant, as to the Defendant's Motion to Quash Plaintiff's August 31, 2007, Subpoena *Duces Tecum* [450] filed September 5, 2007.

Response by Mr. Puga, for the Plaintiff.

Reply by Mr. Robinson, for the Defendant.

The Court enters Findings of Fact, Conclusions of Law, and orders.

**It was ORDERED:**

1. That the Defendant's Motion to Quash Plaintiff's August 31, 2007, Subpoena *Duces Tecum,* [450] filed September 5, 2007, is **granted**; provided furthermore, that the Plaintiff shall not mention in examination or argument of the subpoena or the documents requested in the subpoena;

2. That sanctions are imposed on Mr. James Edward Puga, counsel for the Plaintiff, in the **sum of $1,000.00**, to be paid to the Clerk of the Court **within thirty (30) days,** and that the Defendant is awarded reasonable attorney fees incurred by the Defendant in defending the subpoena; and

3. That the Defendant shall submit his attorney fee affidavit **within ten (10) days**.

**9:55 a.m.      Court in recess**.
**10:00 a.m.     Court in session**.

Witness, Dr. Pelham Staples, resumes the stand. The witness is reminded that he remains under oath.

10:02 a.m.   Examination of the witness, Dr. Pelham Staples, by Mr. Puga, resumes.

10:13 a.m.   Re-examination of the witness, by Mr. Kresl.

10:38 a.m.   Re-examination of the witness, by Mr. Puga.

The witness is excused.

The Plaintiff calls witness, Ms. Leticia Trejo.

The witness is sworn.

10:50 a.m.    Direct examination of the witness, Ms. Leticia Trejo, by Mr. Lipman.

**11:15 a.m.    Court in recess.**
**11:27 a.m.    Court in session**.

Direct examination of the witness, Ms. Leticia Trejo, resumes.

**12:00 noon    Court in recess and shall reconvene at 1:15 p.m.**
**1:15 p.m.     Court in session.**

The jury is not present.

The Court enters Findings of Fact, Conclusions of Law, and orders.

**It was ORDERED:**

1. That the reasonable value of the special education services provided to the child through the date of the jury's verdict , such expenses may not be included in any award of damages to the plaintiff;

2. That, as an evidentiary matter the value of the special education services provided to the child through the date of the jury's verdict is irrelevant as a matter of law under Federal Rules of Evidence 401 and therefore, is inadmissible under Rule 402;

3. That as a substantive matter, the reasonable value of the Medicaid benefits provided to the child through the date of the jury's verdict may be included in any award of damages to the plaintiff;

4. That as an evidentiary matter, evidence of the value of the Medicaid benefits provided to the child through the date of the jury's verdict is relevant as a matter of law under Federal Rules of Evidence 401 and is therefore, admissible under Rule 402;

5. That the reasonable value of gratuitous government services provided to the child subsequent to the date of the jury's verdict may be included in any award of damages to the plaintiff;

6. That the reasonable value of future or prospective services may be awarded as damages to the plaintiff; and

7. That the Defendant's request that the plaintiff's rehabilitation expert witness, Ms. Helen Woodard, should be precluded from offering testimony about the necessity, frequency, and duration of treatment by various providers, is **denied.**

1:30 p.m.    The jury is present.

Direct examination of the witness, Ms. Leticia Trejo, resumes.

1:54 p.m.        Cross examination of the witness, Ms. Leticia Trejo, by Mr. Kresl.

2:17 p.m.        Redirect examination of the witness.

The witness is excused.

The Plaintiff calls witness, Ms. Helen Woodard, via video deposition.

2:30 p.m.        The video deposition of Ms. Helen Woodard is played for the jury.

**3:10 p.m.        Court in recess**
**3:30 p.m.        Court in session.**

The playing of the video deposition of Ms. Helen Woodard resumes.

**5:00 p.m.        Court in recess and shall reconvene on Monday, September 10, 2007, at 8:30 a.m.**

*Total in court time: 5 hours and 30 minutes  -  Trial continued*